No. 10,964.

DENTON v. EMERSON-BRANTINGHAM IMPLEMENT CO.

Decided October 6, 1924.

Action to rescind contract.   Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1. FRAUD—*Remedies.*  Where a contract is procured by fraud, the defrauded party has two remedies: one in rescission; the other in damages.

2. CONTRACT—*Warranty—Remedies.*    Where a party purchased a new tractor which he thereafter discovered—as he alleged—to be old, used and second-hand, under the facts disclosed it is held that his remedy would be for a breach of warranty, and not for rescission of his contract of purchase.

3. APPEAL AND ERROR—*Fact Findings.*   Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

*Error to the District Court of Cheyenne County, Hon. Arthur Cornforth, Judge.*

Mr. A. E. BOWE, for plaintiff in error.

Mr. F. L. GRANT, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Denton bought of defendant implement company a model tractor, and a plow to be used in connection with the tractor, and gave to the company therefor his three judgment notes maturing at different times.  When the first note became due it was not paid and the holder reduced it to judgment.

In the complaint here it is alleged that plaintiff contracted with the defendant to buy, and bought, of the latter

a new, but the defendant delivered to him an old, used and second-hand, tractor. The plaintiff had two remedies; one in rescission, the other for damages. He elected to rescind and asked in the prayer of his complaint to have the judgment on the first note annulled and the last two of the series of three notes cancelled, and incidentally a judgment for a freight bill which he paid on the shipment. The answer denied that the tractor was an old one or had been used, and alleged that it was a new one of the very kind which plaintiff bought. The answer also denies that the defendant practiced any fraud or deceit upon the plaintiff, as alleged in the complaint, either in the purchase of the implements or otherwise. There were two witnesses for the plaintiff, he being one. There were two witnesses for the defendant, its manager and a former employee who sold and delivered the tractor while he was in its service. The conflict in the testimony is irreconcilable; the two witnesses for the plaintiff testifying that the tractor was not new, and those for the defendant that it was new. On this evidence produced at the trial, which was to the court without a jury, the findings were for the defendant and the action was dismissed.

We have read all the testimony in the transcript. If the plaintiff had any grievance his remedy would seem to be for breach of an implied warranty, or on the express warranty given by the defendant at the time of the sale, and not for a rescission of the contract of sale on the ground that the tractor delivered was not the kind of a tractor he bargained for and bought. It could serve no useful purpose to review the evidence. The record presents a not unusual case of a conflict. The judge of the trial court saw the witnesses in court and heard them testify and under the prevailing rule in this jurisdiction the findings and judgment cannot be set aside. The application for supersedeas is therefore denied and the judgment is affirmed.